FILED
Jun 04, 2026
02:47 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | |
|---|---|
| **CHRISTINA MANUS HENRY,**<br>    **Employee,**<br>**v.**<br>**FITZGERALD COLLISION &**<br>**REPAIR, LLC,**<br>    **Employer,**<br>**And**<br>**AMTRUST GROUP,**<br>    **Insurer.** | **Docket No. 2025-40-3091**<br><br>**State File No. 71026-2023**<br><br>**Judge Robert Durham** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

Ms. Henry asked that Fitzgerald Collision pay for treatment of the venous insufficiency in her left leg, which she asserted was aggravated by her work-related knee replacement. For the reasons below, the Court denies her request.

### History of Claim

On August 15, 2023, Ms. Henry suffered a work-related left-knee injury. She came under the authorized care of orthopedist Michael Palk and underwent a knee replacement. Afterward, Ms. Henry suffered from leg pain, swelling, and spasms that she did not have before her surgery.

Dr. Palk referred Ms. Henry to a vascular specialist, and Fitzgerald authorized treatment with Dr. Sina Iranmanesh. He noted her symptoms, and tests revealed "severe reflux throughout the entirety of the great saphenous vein."

Dr. Iranmanesh diagnosed venous insufficiency and said that the venous reflux had "likely been present for quite some time, likely many years." However, he continued that since she had been "relatively asymptomatic" until after her surgery, it was "reasonable to think that there is some exacerbation that has made her venous symptoms appear in the forefront." However, he did not believe the

insufficiency was a "direct cause or complication resulting from her surgery." He recommended further treatment, including an ablation of the saphenous vein.

Fitzgerald did not authorize treatment, so Ms. Henry's counsel wrote to Dr. Iranmanesh and asked if the venous insufficiency was "made symptomatic" by her leg injury or her surgery. Dr. Iranmanesh marked "yes." He further marked "yes" to the question of whether the "anatomical changes" to Ms. Henry's leg from her injury and surgeries "aggravated" her venous insufficiency.

In response, Fitzgerald's counsel wrote to Dr. Iranmanesh seeking clarification. Dr. Iranmanesh agreed that Ms. Henry's preexisting conditions, and not her 2023 work injury, were more than 50% of the cause of her venous insufficiency. He explained that "likely her venous insufficiency was present prior to injury/surgery."

## Law and Analysis

To obtain her requested relief, Ms. Henry must show a likelihood of prevailing at a compensation hearing that she is entitled to treatment for her venous insufficiency. Tenn. Code Ann. § 50-6-239(d)(1) (2025). Dr. Iranmanesh made it clear that Ms. Henry's work-related knee injury and surgery did not cause her preexisting venous insufficiency. However, Fitzgerald may still be responsible for any aggravation of this condition, so long as the aggravation arose "primarily out of and in the course and scope of employment." *Id.* § 50-6-102(12)(A).

In *Edwards v. Peoplease, LLC,* No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *26 (Tenn. Dec. 22, 2025), the Supreme Court analyzed the compensability of an aggravation of a preexisting condition. It defined an aggravation as "an intensification or worsening of a pre-existing disease, condition or ailment, permanent or not, that contributes more than fifty percent in causing death, disability or the need for medical treatment."

*Edwards* further held that to prove a compensable aggravation, the employee must establish "(1) that the work accident contributed more than fifty percent in causing the aggravation, and (2) that the aggravation, which was caused by the work accident, contributed more than fifty percent to disablement or the need for medical treatment." *Id*. at *27.

Here, the Court finds that Dr. Iranmanesh's records do not adequately address either element set out in *Edwards*. They do not answer whether Ms. Henry's work

injury "contributed more than fifty percent" in causing an aggravation of her venous insufficiency or whether the aggravation "contributed more than fifty percent" in creating disablement or the need for medical treatment.

Thus, the Court holds that Ms. Henry has not established she is likely to prevail on causation at trial regarding the aggravation of her venous insufficiency.

**IT IS ORDERED:**

1. Ms. Henry's request for additional medical treatment with Dr. Iranmanesh is denied at this time.

2. This case is set for a status conference on **July 1, 2026**, at **8:30 a.m. Central Time, 9:30 a.m. Eastern Time**. The parties must call 615-253-0010 or 855-689-9049 to participate. Failure to call might result in a determination of the issues without the party's participation.

ENTERED June 5, 2026.

**JUDGE ROBERT DURHAM**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Ms. Henry's Rule 72 Statement
2. Dr. Iranmanesh's February 16, 2026 medical record
3. Dr. Iranamesh's response to Ms. Henry's questionnaire.
4. Dr. Iranamesh's response to Fitzgerald's questionnaire.

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on June 5, 2026.

| Name | Email | Service sent to: |
|---|---|---|
| Chris Markel | X | cmarkel@markelfirm.com |
| Noah Klinsky | X | naklinsky@mijs.com |

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*